## MATTER OF CONTINENTAL GRAIN COMPANY

### In Visa Petition Proceedings

### OMA-N-943

*Decided by District Director May 8, 1972*

An intervening temporary stay in the United States as a nonimmigrant trainee in pursuit of further training related to his qualifying employment under the auspices of the petitioner is not regarded as interruptive of the concept that the beneficiary "has been employed" abroad "continuously for one year" by a foreign subsidiary of the petitioning firm "immediately preceding the time of his application for admission into the United States" within the meaning of section 101(a)(15)(L) of the Immigration and Nationality Act, as amended. Hence, where immediately following such training in the United States the beneficiary has been employed by the foreign subsidiary in a qualifying capacity for more than the past 7 months, and immediately preceding such training he was so employed for over 5 months, he has met the one-year continuous employment requirement of section 101(a)(15)(L) of the Act.

ATTORNEY OR REPRESENTATIVE: William H. Jaquith
Director of Management Employment
Continental Grain Company
2 Broadway
New York, New York 10004

The petitioner desires to bring the beneficiary to the United States temporarily to serve in the capacity of grain merchandiser at Des Moines, Iowa. The beneficiary has been employed by Continental Grain Company (Canada) Ltd. since May 27, 1968 as a grain merchandiser. The Canadian concern is a subsidiary of the United States concern, a Delaware corporation.

Section 101(a)(15)(L) of the Immigration and Nationality Act, as amended by the Act of April 7, 1970, also known as P.L. 91-225 (84 Stat. 116), classifies the following as a nonimmigrant:

An alien who, immediately preceding the time of his application for admission into the United States, has been employed continuously for one year by a firm or corporation or other legal entity or an affiliate or subsidiary thereof and who seeks to enter the United States temporarily in order to continue to render his services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial, executive, or involves specialized knowledge, and the alien spouse and minor children of any alien if accompanying him or following to join him.

140

The beneficiary's employment with the petitioner's Canadian subsidiary was in a capacity requiring specialized knowledge regarding marketing conditions, trading techniques, and transportation rates, as well as the company's policies and financial program. The duties for which his services are now sought include purchases of U.S. origin grain for further sale abroad and will also be in a capacity requiring the specialized knowledge contemplated by section 101(a)(15)(L).

The beneficiary, from June 1, 1969 to October 1, 1971, received specialized training in the United States regarding world-wide aspects of origination and distribution of grain. During this period he was a trainee pursuant to section 101(a)(15)(H)(iii) of the Act. His employment under consideration, then, consists of the following:

1. May 27, 1968 to May 31, 1969: somewhat over one year with Continental Grain Co. (Canada), Ltd.
2. June 1, 1969 to October 1, 1971: twenty-eight months training in the United States; and
3. October 2, 1971 to date: seven months with Continental Grain Co. (Canada), Ltd.

The issue before us is whether the above employment satisfies the statutory requirement that he is "an alien who, *immediately preceding* the time of his application for admission into the United States, has been employed continuously for one year by a firm ..." (Emphasis supplied.) A review of available published precedent decisions has not disclosed a case ruling on the issue. We will, therefore, turn to the legislative history.

H.R. Report No. 851, 91st Cong., 1st Sess., by the Committee on the Judiciary, cited the broad purpose of the then-proposed legislation, now enacted as section 101(a)(15)(L) of the Immigration and Nationality Act, as "to facilitate the entry into the United States of certain classes of nonimmigrant aliens."

More specifically, the Committee, at page 3 of the report, stated:

The testimony of witnesses clearly establishes that existing law restricts and inhibits the ability of international companies to bring into the United States foreign nationals with management, professional and specialist skills and thereby enable American business to maintain and improve the management effectiveness of international companies to expand U.S. exports and to be competitive in overseas markets.

Existing nonimmigrant provisions of the Immigration and Nationality Act offer little or no relief in the transfer of executive personnel since such entries are also limited to specific positions which are temporary in nature. Consequently, visas must be denied to alien executive personnel who are transferred to the United States to continue employment with a domestic corporation or firm, or a domestic affiliate or subsidiary of a foreign corporation.

This interchange of personnel is important since it offers an opportunity for an individual to advance within the worldwide organizations without regard to

141

nationality, it enables foreign nationals to learn American management techniques by placing them in key positions in the United States and thus more effectively manage the affiliate operations of U.S. companies when they return overseas. Experience has demonstrated that a real contribution in the conduct of international business results from the cross-fertilization of ideas through the use of special skills of personnel of different nationalities.

Page 5 of the report added:

This amendment would help eliminate problems now faced by American companies having offices abroad in transferring key personnel freely within the organization. This proposal would meet the objective of American industry which has been seriously hampered in transferring personnel, particularly from Canada.

Testimony before the committee established that the present immigration law and its administration have restricted the exchange and development of managerial personnel from other nations vital to American companies competing in modern-day world trade. Executives of American companies detailed for assignments in foreign branch offices, or subsidiaries and affiliate companies abroad, find little difficulty in being admitted to foreign countries as nonimmigrants for duty tours of several years duration. Such intracompany transfers have contributed immeasurably to the growth of American enterprise throughout the world and to the international trade of the United States.

In the case now before us, the beneficiary was employed abroad by the petitioner's subsidiary in a qualifying capacity for more than the required "one year". He now seeks to enter the United States temporarily to continue his services in a qualifying capacity. However, within the past twelve months the beneficiary has spent over four months in the United States. Does this disqualify him under the "immediately preceding" provision of the statute?

It is our conclusion that the beneficiary's period of training within the United States, during which time he was in the United States lawfully in pursuit of further training related to his qualifying employment, should not be regarded as interruptive of the concept that he "has been employed continuously for one year by . . . the same employer or a subsidiary thereof" within the meaning of section 101(a)(15)(L). Such an interpretation, we believe, is consistent with the purpose and intent of this legislation as indicated in the above-cited legislative history. Accordingly, we find that the beneficiary's employment with the petitioner's subsidiary in a capacity requiring specialized knowledge for the seven-month period since October 2, 1971, together with his well over five months' employment with that subsidiary during the period immediately preceding his last admission to the United States as a trainee, meets that requirement. It is also concluded that the beneficiary is otherwise qualified for classification under section 101(a)(15)(L) of the Act.

*It is ordered* that the petition be and hereby is granted.