MATTER OF KLOETI

In Visa Petition Proceedings

CHI-N-22755

*Decided by Regional Commissioner October 29, 19..*

(1) The beneficiary of a petition under 101(a)(15)(L) of the Act 8 U.S C. 1101(a)(15)(L), does not satisfy the qualifying experience requirement when the beneficiary's only previous employment for the petitioning firm was as a B-1 nonimmigrant in the United States.

(2) *Matter of Continental Grain*, 14 I&N Dec. 140 (D.D. 1972), holds that a beneficiary's one year qualifying experience with the petitioner must be wholly outside the United States, except for brief trips to the United States to attend conferences, training sessions, or similar functions.

(3) 8 C.F.R. 214.2(1)(2) requires a petitioner to submit "a statement describing the capacity in which the beneficiary has been employed abroad" to support the petition for L-1 status.

ON BEHALF OF PETITIONER:   Samuel D. Myers, Esquire
Freedman, Freedman & Myers, Ltd.
Suite 1902, 2 North LaSalle Street
Chicago, Illinois 60602

This matter is before me on appeal from the District Director's decision of December 31, 1981, denying the petition to classify the beneficiary as an intra-company transferee pursuant to section 101(a)(15)(L) of the Immigration and Nationality Act, 8 U.S.C. 1101(a)(15)(L), as amended. The appeal will be dismissed.

The petitioner is the United States branch of a Swiss firm, Ladmatic AG, Flaesch/Switzerland, which designs and builds systems, robots, fixtures and tools for grinding machines. The petitioning United States branch was established in 1978 and has two employees, its president and an engineer. It handles fixtures and tools for the Swiss-made grinding machines which have been sold to United States customers. The petitioner has gross annual sales of $350,000.

The beneficiary is a 28-year-old native and citizen of Switzerland whom the petitioner wishes to employ as a service engineer, a position which allegedly involves specialized knowledge. As a service engineer, the beneficiary would train operators for the petitioner's equipment in its customers' plants and then stand by for maintenance and emergency

repairs. The beneficiary has been doing this work in the United States since April 1979. This was the month in which he first began his employment with Ladmatic, the petitioner's overseas parent company. The beneficiary was hired overseas expressly to be employed in the United States as a service engineer. He was never employed in Switzerland by the petitioner or its parent company. He entered the United States as a nonimmigrant visitor for business (B-1) on April 11, 1979, to do set-up and repair work, his salary being paid from abroad by the petitioner's parent firm. On May 20, 1980, the present petition was filed when it became apparent that the beneficiary's services in the United States would need to be continued for a longer period of time. Therefore, the petitioner and its parent firm decided to seek the status of nonimmigrant intra-company transferee (L-1) for the beneficiary.

The employment contract between Ladmatic and the beneficiary was submitted in support of this petition. It was dated March 28, 1979, and indicates that the beneficiary was hired as of April 1, 1979, to be sent directly to the United States to work as a service engineer in setting up units of machine tools which had been delivered to United States plants belonging to Ladmatic's customers. The beneficiary was hired to work in the United States. Thus, it cannot be said that the beneficiary was employed *abroad* by the petitioner or its affiliate or subsidiary in any capacity prior to coming to the United States, notwithstanding that the present visa petition was not filed until one year after the beneficiary's employment with the petitioner began and that during this one year the salary of the beneficiary was sent to him from Switzerland.

The petitioner was unable to comply with the requirement of federal regulations at 8 C.F.R. 214.2(1)(2) that it submit "a statement describing the capacity in which the beneficiary has been employed abroad" because the beneficiary had never been employed abroad by this company. The beneficiary also is not entitled to intra-company transferee (L-1) nonimmigrant classification because by section 101(a)(15)(L) of the Act the category is reserved for a nonimmigrant alien who,

immediately preceding the time of his application for admission into the United States, has been employed continuously for one year by a firm . . . or an affiliate or subsidiary thereof and who seeks to enter the United States temporarily in order to continue to render his services to the same employer or a subsidiary or affiliate thereof . . . .

The beneficiary applied for admission to the United States as a nonimmigrant visitor for business (B-1) in April 1979. At that time he had not been employed for one year by Ladmatic. His contemplated application for change of status is *not* an application for admission to the United States such as section 101(a)(15)(L) refers, rather it is an application for a change of nonimmigrant status pursuant to section 248 of the Act, 8 U.S.C. 1258.

It cannot be said that his employment within the United States as a B-1 nonimmigrant from April 1979, until May 1980, (when this visa

petition was filed) was one year's qualifying employment within the rule of *Matter of Continental Grain Co.*, 14 I&N Dec. 140 (D.D. 1972). The beneficiary's employment here certainly was not merely an "intervening" temporary stay in the United States which only "interrupts" the 1-year period of his prior overseas employment, as *Continental Grain's* four month training program in the United States did, because the present beneficiary has had no previous employment whatsoever with the petitioner or its parent firm abroad. I conclude that the petition was properly denied.

The precedent established in *Continental Grain* was that the one year's continuous employment with the petitioner's firm, affiliate or subsidiary which immediately preceded the beneficiary's application for admission, *must* be wholly outside the United States. However, during portions of that one-year period the beneficiary may spend some time in the United States such as short training periods, conferences, and the like. The petitioner has not shown that the beneficiary's employment during the one year which preceded the filing of this petition was actually employment abroad which may have included merely some periods of employment in the United States.

**ORDER:** The appeal is dismissed.